**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYNIDA LEANN LOPEZ DE PAZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC. d/b/a EXPERIAN,<br><br>　　　　Defendant. | No. 1:25-cv-2180<br><br>Judge John G. Koeltl |

**EXPERIAN INFORMATION SOLUTIONS, INC'S MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

    I.    This action could have been brought in the Middle District of Florida .............................. 5

    II.    The private interest factors favor transfer ......................................................................... 5

        A.    Plaintiff's Choice of Forum is Due No Weight .............................................................. 5

        B.    Litigating in the Middle District of Florida Would be More Convenient for Witnesses and Parties ......................................................................................................... 6

        C.    Relevant Documents and Sources of Proof are Located Within the Middle District of Florida ............................................................................................................................ 7

        D.    The Locus of Operative Facts Favors of Transfer .......................................................... 8

        E.    Compulsion of Discovery and Testimony from Non-Party Witnesses is Only Available in the Middle District of Florida ................................................................................... 9

    III.    The public interest factors favor transfer .......................................................................... 9

        A.    Transfer Would Further Interests of Trial Efficiency ..................................................... 9

        B.    Transfer is in the Interests of Justice ............................................................................ 10

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

Page

**CASES**

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
   860 F. Supp. 128 (S.D.N.Y. 1994) ...................................................................................8

*AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*,
   326 F. Supp. 2d 525 (S.D.N.Y. 2004).................................................................................9

*Am. Dredging Co. v. Miller*,
   510 U.S. 443 (1994)..........................................................................................................11

*Andrews v. A.C. Roman & Assocs., Inc.*,
   914 F. Supp. 2d 230 (N.D.N.Y. 2012)................................................................................7

*Apli USA, Inc. v. D & F Fashion Intern. Gemelli*,
   No. 06 Civ. 2091, 2007 WL 942096 (S.D.N.Y. Mar. 29, 2007) ........................................1

*Arana v. Experian Info. Sols., Inc.*,
   No. 1:25-cv-02775-ER (S.D.N.Y. Apr. 16, 2025)............................................................11

*Arrow Elec., Inc. v. Ducommun Inc.*,
   724 F.Supp. 264 (S.D.N.Y.1989) .......................................................................................9

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013).............................................................................................................4

*Cento Pearl v. Arts & Craft Supply Inc.*,
   No. 03 Civ. 2424, 2003 WL 1960595 (S.D.N.Y. Apr. 24, 2003).................................1, 11

*EasyWeb Innovations, LLC v. Facebook, Inc.*,
   888 F. Supp. 2d 342 (E.D.N.Y. 2012) ...............................................................................5

*Fellus v. Sterne, Agee & Leach, Inc.*,
   783 F. Supp. 2d 612 (S.D.N.Y. 2011).................................................................................4

*Guardian Life Ins. Co. of Am. v. Coe*,
   724 F. Supp. 3d 206 (S.D.N.Y. 2024).................................................................................6

*Hamilton v. Accu-Tek*,
   47 F. Supp. 2d 330 (E.D.N.Y. 1999) ...............................................................................10

*Jones v. Equifax Info. Svcs, LLC*,
  No. 1:25-cv-01535-GHW-SLC, ECF Nos. 28-30 (S.D.N.Y. Apr. 28, 2025)..........................11

*N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*,
  648 F. Supp. 3d 401 (N.D.N.Y. 2022).............................................................................7, 9

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
  599 F.3d 102 (2d Cir. 2010)...................................................................................................4

*Pecorino v. Vutec Corp.*,
  934 F. Supp. 2d 422 (E.D.N.Y. 2012) ...................................................................................8

*Pence v. Gee Group, Inc.*,
  236 F. Supp. 3d 843 (S.D.N.Y. 2017)....................................................................................3

*Pierce v. Coughlin*,
  806 F.Supp. 426 (S.D.N.Y. 1992) .........................................................................................5

*PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*,
  138 F.3d 65 (2d Cir. 1998).....................................................................................................4

*Schweitzer v. Nevels*,
  669 F. Supp. 3d 242 (S.D.N.Y. 2023)..................................................................................10

*Smart Skins LLC v. Microsoft Corp.*,
  No. 14-CV-10149, 2015 WL 1499843 (S.D.N.Y. Mar. 27, 2015) ............................................4

*Speedfit LLC v. Woodway USA, Inc.*,
  642 F. Supp. 3d 429 (S.D.N.Y. 2022)....................................................................................4

*Starr Indem. & Liab. Co. v. Brightstar Corp.*,
  324 F. Supp. 3d 421 (S.D.N.Y. 2018)..............................................................................9, 10

*Tlapanco v. Elges*,
  207 F. Supp. 3d 324 (S.D.N.Y. 2016)..............................................................................4, 10

*Travelers Prop. Cas. Co. v. Ocean Reef Charters LLC*,
  324 F. Supp. 3d 366 (W.D.N.Y. 2018) .........................................................................1, 8, 10

**STATUTES**

28 U.S.C. § 1391(b) ..........................................................................................................................5

28 U.S.C. § 1391(b)(2) .....................................................................................................................5

28 U.S.C. § 1404(a) ............................................................................................................... passim

Fair Credit Reporting Act ..................................................................................................................2

**OTHER AUTHORITIES**

U.S. Courts, *U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics* (Dec. 31, 2024), available at https://www.uscourts.gov/data-news/data-tables/2024/12/31/federal-court-management-statistics/n-a-3 ...............................................................................................10

Pursuant to 28 U.S.C. § 1404(a), Defendant Experian Information Solutions, Inc. respectfully moves to transfer this action to the United States District Court for the Middle District of Florida, where Experian has discovered Plaintiff resides.

## INTRODUCTION

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  "Where there is no material connection between the district and the operative facts, the interests of justice require the transfer of the action."  *Travelers Prop. Cas. Co. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 379 (W.D.N.Y. 2018) (cleaned up).  That is the case here.

During its initial investigation into Plaintiff's claims, Experian discovered that Plaintiff lives in central Florida.  Plaintiff's Complaint alleges nothing about her residence, and nothing connecting her claims to New York.  Plaintiff's decision to litigate in New York is thus completely arbitrary, and continuing this case here would unreasonably impose a burden "on jurors and judges who have enough to do in determining cases that are appropriately before them."  *Cento Pearl v. Arts & Craft Supply Inc.*, No. 03 Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003).  Accordingly, for the reasons set forth below, the Court should transfer this case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).[1]

---

[1] Although Plaintiff's Complaint also fails to plead any facts establishing personal jurisdiction, the Court need not engage in a personal jurisdiction analysis in deciding a motion to transfer under § 1404(a), and courts may order transfer under § 1404(a) even where there is a finding that the court lacks personal jurisdiction.  *See Apli USA, Inc. v. D & F Fashion Intern. Gemelli*, No. 06 Civ. 2091, 2007 WL 942096, at *4 (S.D.N.Y. Mar. 29, 2007) (ordering transfer under § 1404(a) despite "finding that [the court] lack[ed] personal jurisdiction over the defendants").  In the interest

## BACKGROUND

Plaintiff Synida Leann Lopez de Paz's initiated this lawsuit with the filing of a Complaint in the Supreme Court of New York on February 11, 2025. ECF No. 1-1. Experian was served with the Complaint on February 24, 2025 and timely removed the case to this Court on March 17, 2025 on the basis that this Court has original subject matter jurisdiction over Plaintiff's sole claim, brought under the federal Fair Credit Reporting Act. ECF No. 1

In her Complaint, Plaintiff alleges that, "[o]n or about December 3, 2024, Plaintiff sent a written dispute letter to Experian at its designated address, requesting a reinvestigation into the accuracy and completeness" of three accounts, or tradelines, appearing on her credit report. Compl., ECF No. 1-1 at 8, ¶ 9. Plaintiff states that, in her letter, she "specifically pointed out the missing tradeline fields related to payment history including the Scheduled Payment Amount and Actual Amount Paid, which were crucial to ensuring full compliance with the Metro 2 consumer credit reporting standards." Id. ¶ 10. Plaintiff then alleges that "[r]ather than conducting a reasonable investigation . . . Experian responded with a form-letter . . . dated January 29, 2025 that failed to address Plaintiff's specific concerns." Id. ¶ 12. Plaintiff claims that Experian's actions caused her damages including economic harm, credit denials, emotional distress, frustration, and loss of time and resources. Id. ¶¶ 15, 21.

Plaintiff purported to attach "true and correct redacted cop[ies]" of the referenced letters to her Complaint. Id. ¶¶ A.12, B.13, see also Compl. Exhs. A and B. Among the redacted "confidential personal information" was Plaintiff's address, including her city and state of

---

of efficiency, Experian has brought its motion under § 1404(a), as the relevant convenience factors here present a clear-cut case for transfer of this action.

residence.  Compl. Exhs. A and B.  New York state rules, as well as this Court's rules, require redaction of only Social Security numbers, names of minor children, dates of birth, and financial account numbers.

As part of its initial investigation into Plaintiff's allegations, Experian found copies of the letters referenced in the Complaint.  Those letters include Plaintiff's full address, including her city and state of residence: Lake Wales, Florida.  Colbary Decl. Exhs. 1-2.  The postmark of the envelope Experian received with Plaintiff's letter indicates that the letter was mailed from the Tampa, Florida area on December 6, 2024.  *Id.* Exh. 3  Experian also located correspondence dated July 29, 2024 which includes a "limited durable power of attorney" purporting to appoint Cordova Financial, a credit repair clinic located in Lake Wales, Florida, as her agent and authorizing it to act for Plaintiff "in credit and debt matters."  *Id.* Exh. 4.

## LEGAL STANDARD

28 U.S.C. § 1404(a) grants courts discretion to transfer venue if (1) the judicial district to which transfer is sought would have been a district in which the claim could have been filed and (2) transfer would further the convenience of the parties and the interests of justice.  As to the latter requirement, courts evaluating whether to transfer venue consider both private and public factors relating to the convenience of the parties and witnesses as well as the interests of the particular venues hearing the case.  *Pence v. Gee Group, Inc.*, 236 F. Supp. 3d 843, 850 (S.D.N.Y. 2017).  The Second Circuit has identified several such factors:

> (1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Courts within the Southern District of New York also consider "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances." *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011). *See also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013) (observing that public interest factors include "the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6 (1981)). "No one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins LLC v. Microsoft Corp.*, No. 14-CV-10149, 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015). The party moving to transfer venue "bears the burden of establishing, by 'clear and convincing evidence,' that a transfer of venue is warranted." *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (S.D.N.Y. 2016). Lastly, while a party who has removed an action from state court to a federal district court may not challenge the propriety of venue in that district, it "may nonetheless request a discretionary transfer to a more convenient district court forum under [Section 1404(a)]." *PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc.*, 138 F.3d 65, 72 (2d Cir. 1998); *see also Speedfit LLC v. Woodway USA, Inc.*, 642 F. Supp. 3d 429, 435–36, 445 (S.D.N.Y. 2022) (granting motion to transfer under Section 1404(a) in a case removed from New York State court).

**ARGUMENT**

The clear and convincing evidence that Plaintiff and other key sources of evidence reside in the Middle District of Florida, and the fact this case has no apparent connection to New York, warrants that the Court transfer the case to that district.

4

## I. THIS ACTION COULD HAVE BEEN BROUGHT IN THE MIDDLE DISTRICT OF FLORIDA

The preliminary question under § 1404(a) is whether the action could have been brought in the district to which transfer is sought. Venue is proper in: (1) any district in which the defendant resides, (2) a district "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) if there is no other district where the action may be brought, any judicial district in which a defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). Plaintiff resides in Lake Wales, Florida, which is within the Middle District of Florida, and her claims arise out of communications which were sent to and received within that District. *See* Colbary Decl., Exh. 1 (letter bearing Plaintiff's address); Exh. 3 (envelope bearing Tampa, FL postmark). Accordingly, the Middle District of Florida is a district "in which a substantial part of the omissions giving rise to the claim occurred," 28 U.S.C. § 1391(b)(2), and is a district in which this action could have brought in the first instance.

## II. THE PRIVATE INTEREST FACTORS FAVOR TRANSFER
### A. Plaintiff's Choice of Forum is Due No Weight

Though courts ordinarily give "great weight" to a plaintiff's choice of forum, that weight is negated entirely where "(1) the operative facts have 'little or no connection' with the forum chosen by the plaintiff, or (2) where plaintiff's residence is not the chosen forum." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348-49 (E.D.N.Y. 2012) (internal citations omitted). *See also Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) ("Where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, *plaintiff's choice of forum is entitled to no weight whatever and transfer of venue is appropriate.*") (internal quotations and citation omitted and emphasis added).

Plaintiff's Complaint is devoid of any allegations that establish any connection to the Southern District of New York or the state of New York in general.  Plaintiff alleges correctly that Experian's principal office is in California.  Compl. ¶ 9.  Though Plaintiff alleges that Experian "transacts business within the State of New York and maintains substantial contacts with consumers residing in the State of New York," she fails to connect any such business activities to her claims.  *Id.* ¶ 7.  The letters at issue in this case were sent from and received in the states of Florida and Texas.  Whatever contacts Experian has with "consumers residing in the State of New York," Plaintiff, a resident of Florida, is not among them.  Accordingly, Plaintiff's choice of forum is due no weight.

### B. Litigating in the Middle District of Florida Would be More Convenient for Witnesses and Parties

"The convenience of parties and witnesses is considered the essential criterion under the venue statute."  *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 214 (S.D.N.Y. 2024).  The convenience of witnesses, particularly non-party witnesses, "is often cited at the most important factor."  *Id.* (collecting cases).  Here, Plaintiff has not identified any witnesses residing within the Southern District of New York, or the state of New York generally.  The parties have exchanged initial disclosures which identify the same potential witnesses: the parties themselves and the entities who reported accounts at issue, Portfolio Recovery Associates, LLC and Eastern Account System of Connecticut, Inc.. Those companies reside in Norfolk, Virginia and Brookfield, Connecticut, respectively.  Colbary Decl., Exhs. 5-6.

Conversely, at least two key witnesses reside within the Middle District of Florida.  The first is, of course, Plaintiff herself.  The second is Cordova Financial, a credit repair clinic that Plaintiff has purported to appoint as her agent to act on her behalf in "credit and debt matters," apparently involving as the disputes at the core of this case.  Colbary Decl. Exh. 4.  Moreover,

6

given that Plaintiff claims that she has experienced, among other things, "frustration" and "emotional distress," Compl. ¶¶ 4, 15, Experian may seek testimony from individuals having knowledge of Plaintiff's emotional state, which would likely include treating doctors, therapists, co-workers, family members, or friends. These individuals would of course be likely to reside in or near Lake Wales, Florida as well.

Since litigating this case in the Middle District of Florida would be more convenient to Plaintiff, as well as potential witnesses who could support Plaintiff's claims for damages, and the parties have not identified any witnesses residing in this District, this factor weighs in favor of transfer.

### C. Relevant Documents and Sources of Proof are Located Within the Middle District of Florida

Though modern electronic document reproduction and transfer technologies have lessened its significance, "the location of relevant documents . . . nonetheless retains some relevance to the venue inquiry." *Andrews v. A.C. Roman & Assocs., Inc.*, 914 F. Supp. 2d 230, 239 (N.D.N.Y. 2012) (citing *Price v. Stossel*, No. 07 CV. 11364 (SWK), 2008 WL 2434137, at*5 (S.D.N.Y. June 4, 2008)). That is because "laying venue in the district in which most of the documentary evidence resides can reduce the costs and burdens of litigation." *N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.,* 648 F. Supp. 3d 401, 425 (N.D.N.Y. 2022). Under this factor, courts "look[] to the location of the location of the parties' documents, not that of non-party documents." *Id.* at 426.

The communications at issue in this case were sent from and received in the Middle District of Florida. *See* Colbary Decl., Exhs 1-3. Any documents Plaintiff maintains which would support her claim for damages—*i.e.*, documentation regarding the accounts at issue, medical records, or

credit denials—will also be located in the Middle District of Florida. Therefore, this factor weighs in favor of transfer to the Middle District of Florida.[2]

### D. The Locus of Operative Facts Favors of Transfer

"The location of the operative facts is traditionally an important factor to be considered in deciding where a case should be tried." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 134 (S.D.N.Y. 1994). "Where there is no material connection between the district and the operative facts, the interests of justice require the transfer of the action." *Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d at 379 (citing *Manao Invs., Inc. v. Stouts Brunswick Assocs. Ltd. P'ship*, No. 96 CIV. 7100 (HB), 1997 WL 53200, at *2 (S.D.N.Y. Feb. 10, 1997)). "In determining the locus of operative facts a court must look to the site of events from which the claim arises." *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 440 (E.D.N.Y. 2012) (quoting *MasterCard Int'l, Inc. v. Lexcel Solutions, Inc.*, No. 03 Civ. 7157, 2004 WL 1368299, at *5 (S.D.N.Y. June 16, 2004); *Transatlantic Reinsurance Co. v. Continental Ins. Co.*, No. 03 Civ. 3227, 2003 WL 22743829, at *5 (S.D.N.Y. Nov. 20, 2003)). "This includes consideration of the relative ease of access to the sources of proof." *Id.* (quoting *Pall Corp. v. PTI Techs., Inc.*, 992 F.Supp. 196, 200 (E.D.N.Y. 1998)).

As discussed above, the relevant documents and other sources of proof in this case are located in central Florida. To the extent it is not Florida, the relevant events related to Experian's reinvestigations would have occurred at Experian consumer assistance facilities, none of which

---

[2] Experian notes that none of the documents in its possession which may be relevant to either party's claims or defenses in this matter are maintained in either Florida or New York. Accordingly, this factor is neutral as to documents in Experian's possession.

8

are in New York. The Complaint does not allege any material connection between New York and the facts of this case. Accordingly, this factor also weighs in favor of transfer.

### E. Compulsion of Discovery and Testimony from Non-Party Witnesses is Only Available in the Middle District of Florida

"The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Arrow Elec., Inc. v. Ducommun Inc.*, 724 F.Supp. 264, 266 (S.D.N.Y.1989). As previously noted, the parties have identified no witnesses residing in this District and there are several witnesses and potential sources of proof in Florida. Instead, any unwilling witnesses would be subject to process in Florida, not New York, to compel their attendance or production of discovery. Therefore, this factor weighs in favor of transfer. *AEC One Stop Grp., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 531 (S.D.N.Y. 2004).[3]

## III. THE PUBLIC INTEREST FACTORS FAVOR TRANSFER

### A. Transfer Would Further Interests of Trial Efficiency

"When a case is at its earliest stages, it is generally not inefficient to transfer the case." *Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018) (quoting *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016)). Here, the parties are engaged in the early stages of discovery—neither party has yet to respond to discovery requests. *Dickerson*, 315 F.R.D. at 33 (S.D.N.Y. 2016) (observing that courts are "not hesitant to transfer" where "only minimal discovery ha[s] taken place" (citation and

---

[3] For the sake of completeness, Experian notes that the relative means of the parties is a neutral factor in this case. Experian does not dispute that it has greater resources than Plaintiff. However, Plaintiff opted to litigate in a forum far outside her home district. She cannot claim that she has the means to litigate this case in New York, but not in Florida where she resides. *See N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 648 F. Supp. 3d 401, 428 (N.D.N.Y. 2022) (finding that plaintiff "who chose to litigate in a forum far outside its home district . . . cannot credibly argue that it has the means to litigate in one foreign forum but not another").

9

quotation omitted)). The Court has not had to "intervene in the case in a manner that would speed the resolution of future issues." *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 333 (S.D.N.Y. 2016). As to the dispute between the parties then, considerations of judicial economy would be equally served by litigating the case here or in the Middle District of Florida. *See id.* (holding that "the interests of justice would be equally well served" by litigating in the transferor or transferee court where the Court had only considered two motions to date).

The relative congestion of the dockets of the two Districts is also not a significant factor in this case. *See* U.S. Courts, *U.S. District Courts-Combined Civil and Criminal Federal Court Management Statistics* (Dec. 31, 2024), available at https://www.uscourts.gov/data-news/data-tables/2024/12/31/federal-court-management-statistics/n-a-3 (showing similar total pending cases per judgeship, 593 and 556, and time to disposition for civil cases, 6.6 and 5.6 months, for S.D.N.Y. and M.D. Fla. respectively); *Schweitzer v. Nevels*, 669 F. Supp. 3d 242, 249 (S.D.N.Y. 2023) (court congestion neutral where transferee and transferor districts "are both busy districts"). Nonetheless, retention of this case, which has no connection to New York, "would only delay adjudication of other cases brought by parties who are compelled to sue here." *Travelers Prop. Cas. Co. of Am.*, 324 F. Supp. 3d 366 (W.D.N.Y. 2018). Therefore, transfer would further interests of judicial economy.

### B. Transfer is in the Interests of Justice

In determining whether transfer is in the interests of justice, courts consider "whether a forum has a 'local interest' in a particular dispute, such that it would be appropriate for that forum to adjudicate the dispute." *Starr*, 324 F. Supp. 3d at 443 (citing *Liberty Mut. Fire Ins. v. Costco Wholesale Corp.*, No. 06 CIV. 5226 (PKL), 2007 WL 2435159, at *6 (S.D.N.Y. Aug. 28, 2007)). As the case involves a Florida Plaintiff who alleges that she experienced injuries in Florida; the public interest supports adjudication of the controversy in Florida. *Hamilton v. Accu-Tek*, 47 F.

Supp. 2d 330 (E.D.N.Y. 1999). Conversely, it would be antithetical to the public interest for this case to remain in New York, which has no connection to the dispute. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.") (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Accordingly, the interests of justice favor the transfer of this case.

There is another compelling reason for this Court to order transfer. Experian has, in recent months, been forced to defend several lawsuits brought by this Plaintiff's counsel in New York that Experian has similarly discovered have no connection to New York. *See* Mot. to Transfer Venue, *Jones v. Equifax Info. Svcs, LLC*, No. 1:25-cv-01535-GHW-SLC, ECF Nos. 28-30 (S.D.N.Y. Apr. 28, 2025); Letter Mot. *Arana v. Experian Info. Sols., Inc.*, No. 1:25-cv-02775-ER (S.D.N.Y. Apr. 16, 2025) (Plaintiff residing in Florida). Without transfer here, this pattern is likely to continue, resulting in unwarranted time and expense incurred by Experian in seeking transfer of more cases to appropriate venues. More importantly, these cases are a burden to this Court, which has an interest in ensuring that such burdens "are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them." *Cento Pearl*, 2003 WL 1960595, at *1.

## CONCLUSION

For the foregoing reasons, the Court should grant Experian's Motion to Transfer Venue Under 28 U.S.C. § 1404(a).

Dated: May 9, 2025  
New York, New York

By: */s/ Karl Colbary*
    Karl Colbary  
    JONES DAY  
    250 Vesey Street  
    New York, NY 10281  
    Telephone:  212.326.3663  
    kcolbary@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(c)**

This Memorandum of Law complies with the type-volume limitation set forth in Local Rule 7.1(c) because it contains 3,266 words, excluding the parts of the brief exempted by Local Rule 7.1(c), as counted using the word-count function on Microsoft Word 2024 software.

*/s/ Karl Colbary*
Karl Colbary

## **CERTIFICATE OF SERVICE**

      I, Karl Colbary, certify that on May 9, 2025, I caused the foregoing document to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

Dated: May 9, 2025

                                              */s/ Karl Colbary*
                                              Karl Colbary